IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF WYOMING

TENTH JUDICIAL DISTRICT

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2026 JUL 17 AM 9:54

MARGARET BOTKINS, CLERK
CASPER

RANDALL THOMAS BAILEY, PLAINTIFF

VS.

JOE EDWARD LUNM, JOE, JOEY DARRAH, IN THEIR OFFICIAL CAPACITY AS DISTRICT COURT JUDGES OF THE FIFTH JUDICIAL DISTRICT OF WYOMING, DEFENDANTS

CASE NO. TBA, by FEDERAL CLERK

COMPLAINT FOR DECLARATORY RELIEF PURSUANT TO 42 U.S.C § 1993

COMES NOW THE PLAINTIFF, RANDALL BAILEY, PRO SE, AND FILES THIS CIVIL RIGHTS COMPLAINT PURSUANT TO 42 USC SECTION 1983 AGAINST THE DEFENDANTS IN THEIR OFFICIAL CAPACITY. PLAINTIFF SEEKS A PROSPECTIVE DECLARATORY JUDGEMENT ESTABLISHING THAT THE DEFENDANT'S IMPOSITION OF AN ARBITRARY, FINANCIALLY PROHIBITIVE BAIL BOND, AND THE SUBSEQUENT CATEGORICAL REJECTION OF A COMPREHENSIVE ELECTRONIC MONITORING PROGRAM, VIOLATED THE PLAINTIFF'S RIGHTS UNDER THE EIGHTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION. IN SUPPORT OF HIS COMPLAINT, PLAINTIFF ALLEGES AS FOLLOWS:

I. JURISDICTION AND VENUE

1. THIS COURT HAS SUBJECT-MATTER JURISDICTION OVER THIS ACTION PURSUANT TO 28 U.S.C. SECTION 1331 (FEDERAL QUESTION JURISDICTION) AND 28 U.S.C. SECTION 1343 (A)(3)(CIVIL RIGHTS JURISDICTION) AS THIS ACTION IS BROUGHT PURSUANT TO 42 U.S.C. SECTION 1983 TO REDRESS THE DEPRIVATION OF RIGHTS SECURED BY THE UNITED STATES CONSTITUTION.

2. VENUE IS PROPER IN THE DISTRICT OF WYOMING PURSUANT TO 28 U.S.C. SECTION 1391(b) BECAUSE THE DEFENDANTS OPERATE WITHIN THIS JUDICIAL DISTRICT AND THE EVENTS GIVING RISE TO THE CONSTITUTIONAL DEPRIVATIONS OCCURRED ENTIRELY IN PARK COUNTY, WYOMING.

II PARTIES

3. PLAINTIFF, RANDALL BAILEY, IS AN INDIVIDUAL WHO WAS AT ALL TIMES RELEVANT, A PRETRIAL DETAINEE IN THE CUSTODY OF THE STATE JUDICIAL SYSTEM, AND IS CURRENTLY INCARCERATED AT PARK COUNTY

1

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF WYOMING

TENTH JUDICIAL DISTRICT

DETENTION CENTER. (PCDC.)

4. DEFENDANTS - JGE EDWARD LUHM, AND JGE JOEY DARRAH ARE LICENSED ATTORNEYS ACTING UNDER COLOR OF STATE LAW IN THEIR OFFICIAL CAPACITY AS A DISTRICT COURT JUDGE FOR THE FIFTH JUDICIAL DISTRICT OF WYOMING IN PARK COUNTY.

## III STATEMENT OF FACTS

5. PLAINTIFF WAS ARRESTED AND CHARGED WITH A FIRST-TIME, NON-VIOLENT PROPERTY OFFENSE UNDER WYOMING LAW. PRIOR TO THIS ACCUSATION, PLAINTIFF POSSESSED AN UNBLEMISHED CRIMINAL RECORD WITH ZERO PRIOR CONVICTIONS OR ARRESTS.

6. AT THE PLAINTIFF'S INITIAL APPEARANCE, BAIL WAS SET AT THE EXTRORDINARY AND ANOMALOUS SUM OF $500,000.00 CASH ONLY. THIS AMOUNT GROSSLY EXCEEDED THE STANDARD REGIONAL BAIL SCHEDULES APPLIED TO FIRST-TIME PROPERTY OFFENDERS WITH NO PRIOR CRIMINAL HISTORY.

7. BECAUSE THE PLAINTIFF LACKED THE FINANCIAL ASSETS TO SATISFY A HALF-MILLION DOLLAR CASH ONLY BOND OBLIGATION, THE FINANCIAL CONDITION OPERATED AS A DE-FACTO, FUNCTIONAL PRE-TRIAL DETENTION ORDER, STRIPPING THE PLAINTIFF OF HIS LIBERTY PRIOR TO A TRIAL ON THE MERITS.

8. AT A SUBSEQUENT BAIL MODIFICATION HEARING, PLAINTIFF PRESENTED A COMPREHENSIVELY STRUCTURED, SELF-FUNDED RELEASE PLAN MANAGED BY A CERTIFIED BAIL BONDSMEN. THIS ALTERNATIVE TO DETENTION INCLUDED:

- ACTIVE, CONTINUOUS GPS ELECTRONIC MONITORING TO BE MAINTAINED ENTIRELY AT THE PLAINTIFF'S PERSONAL EXPENSE.

- AN ABSOLUTE GEOGRAPHIC RESTRICTION REQUIRING THE PLAINTIFF TO RESIDE FIVE (5) HOURS AWAY FROM THE COMPLAINING WITNESS;

- AN ACTIVE TRACKING APPLICATION PROVIDED TO THE COMPLAINING WITNESS ALLOWING REAL-TIME VERIFICATION OF THE PLAINTIFF'S GEOGRAPHIC LOCATION; AND

- A REQUIREMENT FOR LAW ENFORCEMENT OR BONDED ESCORTS DURING ANY NECESSARY BUSINESS TRAVEL INTO PARK COUNTY.

9. THE PRESIDING JUDGE (LUHM) SUMMARILY DISMISSED AND REJECTED THIS VERIFIED ALTERNATIVE

2

In the United States District Court for the District of Wyoming

Tenth Judicial District

to detention. The sole rationale provided on the record by the court was a generalized, non-individualized assertion that "Wyoming has some areas of spotty cell coverage."

10. The court failed to conduct an individualized inquiry to determine if cellular or G.P.S. coverage was unavailable at the Plaintiff's proposed out-of-county residence, nor did it explain how a generalized geographic observation rendered a comprehensive, multi-layered monitoring program ineffective.

## IV. Claims for Relief

### Count I: Violation of the Excessive Bail Clause of the Eighth Amendment

11. Plaintiff incorporates paragraphs 1 through 10 as if fully set forth herein.

12. The Eighth Amendment to the United States Constitution explicitly commands that "excessive bail shall not be required." The United States Supreme Court held in Stack v. Boyle, 342 U.S. 1 (1951) that bail set at a figure higher than an amount reasonably calculated to fulfill the state's interest in ensuring a defendant's appearance at trial is "excessive."

13. By setting a $500,000 bond for a first-time, non-violent offender, and by refusing to modify that bond when a comprehensive tracking system was presented, the defendant utilized financial conditions not to ensure appearance, but to enforce mandatory pretrial punishment. This overreach constitutes a direct violation of the Excessive Bail Clause.

### Count II. Violation of the Due Process Clause of the Fourteenth Amendment

14. Plaintiff incorporates paragraphs 1 through 10 as if fully set forth herein.

15. Pretrial liberty is a fundamental right protected by the due process clause. Pretrial detention is an exceptional restriction that can only be enforced when the state demonstrates that no less restrictive conditions can reasonably protect the community and ensure presence.

16. Under Wyoming Rule of Criminal Procedure 46.1, a judicial officer

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF WYOMING, TENTH JUDICIAL DISTRICT

IS STATUTORILY MANDATED TO IMPOSE THE "LEAST RESTRICTIVE FURTHER CONDITION" AVAILABLE.

17. THE DEFENDANT'S PASSIVE, SWEEPING DISMISSAL OF THE PLAINTIFF'S SELF-FUNDED ELECTRONIC MONITORING PACKAGE BASED ON "SPOTTY CELL COVERAGE" CLAIMS BY-PASSED THE REQUIREMENT FOR INDIVIDUALIZED DUE PROCESS. THIS ARBITRARY APPLICATION OF JUDICIAL POWER CONVERTED THE BAIL HEARING INTO A PROCEDURAL SHAM, VIOLATING THE FOURTEENTH AMENDMENT.

## V PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF RESPECTFULLY REQUESTS THAT THIS COURT ENTER A JUDGEMENT AGAINST THE DEFENDANT AS FOLLOWS:

- ISSUE A DECARATORY JUDGEMENT DECLARING THAT THE DEFENDANT'S IMPOSITION OF A $500,000 BOND UPON A FIRST-TIME, NON-VIOLENT OFFENDER, AND THE SUBSEQUENT ARBITRARY DISMISSAL OF A VIABLE ELECTRONIC MONITORING RELEASE PLAN, VIOLATED THE PLAINTIFF'S RIGHTS UNDER THE EIGHTH AND FOURTEENTH AMENDMENTS.

- GRANT ANY FURTHER EQUITABLE OR PROCEEDURAL RELIEF THIS COURT DEEMS NECESSARY TO CORRECT THE ONGOING STRUCTURAL IMPACTS OF THIS CON-STITUTIONAL DEPRIVATION; AND

- AWARD THE PLAINTIFF HIS COSTS ASSOCIATED WITH BRINGING THIS ACTION.

DATED- JULY 14, 2026

RESPECTFULLY SUBMITTED,

RANDALL THOMAS BAILEY, PLAINTIFF PRO SE

134502 / 1402 RIVERSIDE DR. CODY, WY. 82414

*Randall T. Bailey*

THIS SIDE    COPY

EVIDENCE: COMPLAINT FOR DECLATORY RELIEF PURSUANT TO 42 USC. 1983

## Civil Rights Violation – Excessive Bail – Pg 1 of 8

### Amendment 8 – US Constitution –

- Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted.

Setting a $500,000 bail for an individual with zero prior criminal history facing a non-violent property charge is an extraordinary anomaly. In the American legal system, bail is constitutionally intended to serve as a bridge to ensure court appearances and protect the community—it is explicitly prohibited from being used as a weapon of pretrial punishment. The judge's passive dismissal of a comprehensively tailored, self-funded monitoring package based on a generalized observation about "spotty cell coverage" represents a severe deviation from both federal constitutional standards and Wyoming's explicit procedural rules.

### 1. Park County Bond Comparison Index

In Wyoming's Fifth Judicial District (Park County), bail amounts are tied to the severity of the offense, flight risk, and prior record. The table below highlights the deep disparity between typical local bond standards and the $500,000 obligation imposed on Randy:

| Offense Profile & Risk Factors | Typical Park County Bond Range | Functional Legal Purpose |
|---|---|---|
| First-Time Felony Property Offense | $5,000 – $25,000 | |
| (Burglary, Grand Larceny, No Priors) | (Often 10% cash/surety or signature) | Assures appearance for individuals with verified ties or low structural flight risk. |
| Violent Felonies / Repeat Offenders | $50,000 – $100,000 | |
| (Aggravated Assault, Robbery with Priors) | (Strict cash/surety requirements) | Addresses a demonstrated, active threat to public safety or physical flight risk. |
| Capital Crimes / Extreme Flight Risks | | |
| (Homicide, Multi-Million Dollar Fraud Schemes) | $500,000+ to "No Bond" | Reserved for cases where the defendant faces life imprisonment or execution. |

RANDALL THOMAS BAILEY  V.  JG EDWARD LUHM, JG. JOEY DARRAH